[Cite as *Schroeder v. Meyers*, 2018-Ohio-2982.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

Pamela Schroeder, et al.                        Court of Appeals No. WM-17-010

      Appellees                              Trial Court No. 20131041B

v.

Daniel Meyers, Individually and as
Executor of the Estate of Leland Meyers        **<u>DECISION AND JUDGMENT</u>**

      Appellant                              Decided: July 27, 2018

* * * * *

Ralph W. Gallagher and Sara T. Schaffner, for appellees.

Stanley J. Yoder, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a November 22, 2017 judgment of the Williams County Court of Common Pleas, Probate Division, determining that a handwritten paper entitled, "Things my dad wants me to do," drafted sua sponte by Daniel Meyers ("executor'), contained no testamentary intent on behalf of his father, Leland Meyers

("testator"). It did not constitute a codicil to the testator's existing will or in any way revoke or modify the terms of the will. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Daniel Meyers, sets forth the following two assignments of error:

1. THE TRIAL COURT ERRED IN REVIEWING THE ISSUE OF TESTAMENTARY INTENT.

2. THE TRIAL COURT ERRED IN FINDING THAT THE PURPORTED CODICIL WAS NOT A CODICIL.

{¶ 3} The following undisputed facts are relevant to this appeal. On April 10, 2012, the testator executed a last will and testament prepared at his request by the law firm of Newcomer, Schaefer, Spangler and Breininger located in Bryan, Ohio. The will bequeathed appellant's estate, upon the deaths of testator and his wife, equally to their four children.

{¶ 4} On January 16, 2013, the testator's wife passed away. On March 6, 2013, the testator passed away. On March 7, 2013, testator's last will and testament, prepared by the local law firm and executed by testator less than a year earlier, was filed with the probate court.

{¶ 5} On February 15, 2013, several weeks before the testator passed away, the executor drove his ailing father to the executor's place of business where the executor summarily instructed him to sign a handwritten sheet of paper entitled, "Things my dad wants me to do."

2.

**{¶ 6}** The executor had several employees, who knew nothing of the substance of the matter, witness and notarize the sheet of paper. The paper was initiated, drafted, and controlled solely by the executor. It purported to materially alter the distribution of testator's estate, arguably in the executor's favor, shortly before the testator's death.

**{¶ 7}** The record reflects that the testator never changed or modified his actual last will and testament executed the year before his death, nor did he seek to do so.

**{¶ 8}** On September 14, 2014, the subject handwritten document was admitted to the probate court. Appellees subsequently initiated trial court action in order for there to be a trial court determination as to the validity and impact, if any, of the handwritten document upon the pending probate of testator's estate.

**{¶ 9}** Appellee's complaint specifically challenged the "validity of the purported codicil based on the facts and circumstances surrounding the execution of the document." In addition, the complaint challenged the benefits that the executor sought to receive pursuant to the document.

**{¶ 10}** On November 22, 2017, the trial court held in relevant part, "The court finds the document, while not void on its face, lacks the necessary testamentary intent." In support of the decision, the trial court noted that there was no evidence whatsoever of any intent by the testator to revoke or modify the last will and testament he executed the year before he passed away. The trial court further noted the overwhelming evidence that the executor unilaterally created and controlled the subject document.

3.

{¶ 11} Accordingly, the trial court found that, "[T]he document is nothing more than a list of instructions to the named executor [said list created by the executor]." The trial court further found that, "[S]uch instructions are not binding in nature, do not demonstrate the intent to alter the existing will, nor are they inconsistent with the general testamentary plan set forth in the previously signed will." This appeal ensued.

{¶ 12} In the first assignment of error, appellant contends that the trial court erred in making a determination on the testamentary intent of the handwritten document. We do not concur.

{¶ 13} In support of the first assignment of error, appellant maintains that the trial court lacked jurisdiction to engage in consideration of testamentary intent of the subject document. Governing statutes, in conjunction with the facts and circumstances of this case, refute that position.

{¶ 14} Pursuant to R.C. 2101.24(A)(1)(p), the probate court is vested with exclusive jurisdiction involving will contest actions. In conjunction with this, pursuant to R.C. 2101.24(C), the probate court is vested with plenary power in both law and equity to fully dispose of matters before that court unless otherwise indicated by other statutory provisions. Lastly, R.C. 2107.01 establishes that for probate court jurisdictional purposes, "wills" include purported codicils admitted to probate court in connection to wills filed with that court.

{¶ 15} While appellant maintains in support of the first assignment of error that the underlying will contest action solely dealt with the execution of the handwritten sheet

4.

of paper, the language set forth in the complaint reflects otherwise. The complaint specifically sets forth that it is contesting the, "*facts and circumstances* surrounding the execution." (Emphasis added).

{¶ 16} Based upon the foregoing, we find that appellant's position that the trial court in this matter lacked jurisdiction to consider the testamentary intent of the document, based upon the assertion that the only matter properly before the court was limited to the execution of the document and excluded the surrounding circumstances, is without merit. We find appellant's first assignment of error not well-taken.

{¶ 17} In appellant's second assignment of error, appellant maintains that the trial court erred in determining that the handwritten document did not constitute a valid codicil to the testator's last will and testament. We do not concur.

{¶ 18} The record reflects that on April 10, 2012, less than a year before passing away, the testator executed an official last will and testament prepared at the testator's request by a local law firm.

{¶ 19} The record reflects that subsequent to his execution of a last will and testament bequeathing his estate equally among his children, the named executor unilaterally drafted a handwritten document entitled, "Things my dad wants me to do."

{¶ 20} The record reflects that the executor solely initiated, drafted, and controlled the document. The record reflects that the testator did not request or participate in any way in the creation of the document. The record reflects no evidence that the testator

5.

ever indicated to anyone a desire to revoke or modify any of the substantive terms of his last will and testament.

{¶ 21} The record reflects that shortly before testator's death, the executor summarily drove his father to the executor's place of business and instructed several employees to witness the document without giving them any information regarding the facts, substance, or context of the matter.

{¶ 22} While appellant relies substantially upon *In re Estate of Baxter*, 6th Dist. Erie Nos. E-98-040, E-98-039, 1999 Ohio App. LEXIS 1937 (Apr. 30, 1999), in support of the second assignment of error, the record reflects *Baxter* to be materially distinguishable from the instant case.

{¶ 23} In *Baxter*, the purported codicil was never actually admitted to the probate court. By contrast, the subject document in the instant case was admitted to the probate court. In *Baxter*, one of the witnesses to the execution of the document testified that the testator directly acknowledged that he executed the document, directly requested the witnesses to provide their signature, and directly acknowledged a desire in support of the codicil. None of these things occurred in the instant case.

{¶ 24} The record is devoid of any evidence of testamentary intent on the part of the testator to revoke or in any way modify or alter the terms of his last will and testament that he executed in the year preceding his death. We find appellant's second assignment of error not well-taken.

6.

**{¶ 25}** Wherefore, the judgment of the Williams County Court of Common Pleas, Probate Division, is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.